**POOLE & SHAFFERY, LLP**
John H. Shaffery (CA Bar No. 160119)
Email: jshaffery@pooleshaffery.com
Rey S. Yang (CA Bar No. 186241)
Email: ryang@pooleshaffery.com
Jaion Chung (CA Bar No. 249772)
Email: jchung@pooleshaffery.com
Sally Hosn (CA Bar No. 276231)
Email: shosn@pooleshaffery.com
400 South Hope Street, Suite 1100
Los Angeles, California 90071
(213) 439-5390 Telephone
(213) 439-0183 Facsimile

Attorneys for Defendant,
W.M. BARR & COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARITZA DUARTE, an individual, | No. CV 12-6079-GW(JCGx) |
| Plaintiffs, | [Assigned to the Hon. George H. Wu, Court Room "10"] |
| vs. | **[PROPOSED]** |
| W.M. BARR & COMPANY, INC., a Tennessee corporation; and DOES 1 through 50, inclusive | **ORDER ENTERING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION** |
| Defendants. | |

Pursuant to the Stipulated Protective Order Regarding Confidentiality of Documents and Information ("Stipulation") among counsel for plaintiff, MARITZA DUARTE, and defendant, W.M. BARR & COMPANY, INC., attached hereto as Exhibit "1", and after the finding of GOOD CAUSE, the Court makes the following ORDER:

-1-

C:\Temp\notesC7A056\Protective.Order.Proposed.Order.wpd

**[PROPOSED]
ORDER ENTERING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**

1. SCOPE OF THIS ORDER. All discovery, including any documents and information provided as part of the initial disclosures pursuant to Fed. Rules Civ.Proc., rule 26, 28 U.S.C.A., answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, produced in this action, including any such material initially produced in any other litigation, action, arbitration, investigation, or proceeding of any kind (hereinafter, collectively, "Materials"), shall be subject to this Order and may be designated by the party producing the information (the "Producing Party") as "Confidential Information" under this Order. This Order does not restrict the use or dissemination of information obtained legally from sources other than the parties and/or their counsel, and nothing in this Order shall limit or restrict a Producing Party's rights to use or disseminate its own Materials however designated for purposes of this litigation.

2. CONFIDENTIAL INFORMATION. Information marked "Confidential Information" shall include testimony about any Materials that contain, describe, evidence, identify, or refer to information of a confidential or proprietary nature, or otherwise entitled to protection under Fed. Rules Civ.Proc., rule 26, subsection c, 28 U.S.C.A. Parties and non-parties may designate any information supplied in any form, or any portion thereof, as Confidential Information for purposes of this action. Such designation shall constitute a representation to the Court that counsel believes in good faith that the information constitutes Confidential Information. The parties and non-parties shall make a good faith effort to designate information so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate.

3. COPIES INCLUDED. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt or contain "Confidential Information" shall be treated as "Confidential Information" pursuant to this Order.

-2-

C:\Temp\notesC7A056\Protective.Order.Proposed.Order.wpd

**[PROPOSED]
ORDER ENTERING STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**

**POOLE & SHAFFERY, LLP**
400 SOUTH HOPE STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 439-5390

4. **ALL INFORMATION TO BE USED ONLY FOR THIS CASE.** "Confidential Information" produced in this action shall be used only for purposes of this action and for no other purpose, case or claim, and shall not, without leave of this Court or by agreement of the parties, be disclosed to any person or entity, except as is herein provided. The parties in this action shall ensure that use and dissemination of "Confidential Information" produced in this action remain strictly limited to this action and that such "Confidential Information" does not become in any way available in other actions.

5. **LIMITATION ON DISCLOSURE OF CONFIDENTIAL INFORMATION.** "Confidential Information" may be disclosed only to the following persons:

(a) The Court, including associated personnel necessary to assist the Court in its function, and the jury;

(b) Outside counsel for any party, including associated personnel necessary to assist outside counsel in this action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

(c) Litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party or its counsel for the purpose of assisting that party in this action;

(d) Consulting or testifying experts, including associated personnel necessary to assist experts in this action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

(e) The parties (including in-house counsel);

(f) Counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in this action or to

-3-

1  indemnify or reimburse payments or costs associated with this action;

2      (g)    Associated personnel of any person within categories (c) and (f) for whom
3  access to "Confidential Information" is necessary to assist such persons in this action;

4      (h)    Any other person as to whom the Producing Party has consented to
5  disclosure in advance and in writing, on notice to each party hereto; and

6      (i)    Actual or potential witnesses, as provided for in Paragraph 16.

7      6.    DECLARATION FORM.  Subject to Paragraph 7, each person to whom
8  "Confidential Information" is disclosed, except the persons identified in Paragraph 5
9  (a), (b), (e), (f) and (g), shall execute the Declaration in the form attached as Exhibit A,
10 and shall agree to be bound by this Order, before receiving "Confidential Information."
11 For the purposes of Paragraph 5(c), if a litigation support company or outside copying
12 service is used, a single representative of the company may execute the Declaration on
13 behalf of the company.  Copies of this executed Declaration shall be retained by counsel
14 disclosing "Confidential Information" to such person.

15     7.    DESIGNATION OF INFORMATION.  The protection of this Order may
16 be invoked with respect to any covered Material by the Producing Party in the following
17 manner.  With respect to documents, each page containing "Confidential Information"
18 shall bear the clear and legible designation "Confidential Information."  With respect to
19 answers to interrogatories, document requests, requests for admission and/or pleadings,
20 each page containing "Confidential Information" shall also be so marked.  With respect
21 to any deposition, such treatment may be invoked by designating specific pages and/or
22 lines as "Confidential Information" on the record at the deposition, or by serving such
23 designations within 30 days after receipt of the transcript of the deposition in which the
24 designations are made. Any testimony describing a document containing "Confidential
25 Information" shall also be deemed to be designated as "Confidential Information,"
26 whether or not the testimony is specifically designated as "Confidential Information."

-4-

C:\Temp\notesC7A056\Protective.Order.Proposed.Order.wpd

**[PROPOSED]
ORDER ENTERING STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**

**POOLE & SHAFFERY, LLP**
400 SOUTH HOPE STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 439-5390

8. CHALLENGE TO THE DESIGNATION. If a party disagrees with the designation by the Producing Party of any Materials as "Confidential Information," then the parties to the dispute, after providing notice to all parties in this action, will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All Materials under dispute shall continue to be treated as "Confidential Information" pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the disputing party may submit a motion to the Court for designation of the Materials. Such motion shall identify generally the "Confidential Information" that is the subject of the application, but shall not disclose or reveal the contents of that material except in the manner prescribed by this Order. The disputing party bears the burden of persuading the Court that the information is not "Confidential Information" within the definition(s) of those term(s) set forth above.

9. APPLICABILITY OF PRIVILEGES AND PROTECTIONS. Inadvertent production of, or failure to designate, any information as "Confidential Information"shall not be deemed a waiver of the Producing Party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as "Confidential Information" as appropriate.

10. Any document or Material containing "Confidential Information" inadvertently produced in this action that the Producing Party later claims should have been withheld on grounds of privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection. A Producing Party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a Producing Party requests the return, pursuant to this paragraph, of such Inadvertently Produced Privileged Document then in the possession

-5-

of one or more parties, the possessing parties shall within five business days destroy or return to the Producing Party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material any and all information solely derived from such Inadvertently Produced Privileged Document at the Producing Party's expense. After a document is destroyed or returned pursuant to this paragraph, a party may move the Court for an order compelling production of the document.

11. NO WAIVER. Nothing herein shall act as a waiver of any party's rights to object to discovery and/or seek a protective order, whether on confidentiality or on other grounds. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of this action. Nothing herein shall be construed as an admission or a recognition that materials so designated are "Confidential Information," but only that the parties agree to comply with the terms of this Order.

12. In the event that any "Confidential Information" is used in any pre-trial court hearing or proceeding in this action, and there is any dispute as to whether such material continues to be "Confidential Information," the parties will meet and confer to resolve such dispute.

13. Prior to any trials of this action, counsel for the parties shall meet and confer to negotiate regarding the treatment of "Confidential Information" at trial. Ultimately, the treatment of "Confidential Information" will be determined by the presiding trial court.

14. FILING UNDER SEAL. Consistent with local rules of the Central District of California, local rule 79-5, nothing in this Order shall be construed as authorizing the filing of materials under seal with the Court in the absence of a separate order of the Court authorizing the sealing of specific materials. Whenever a party seeks to file

**POOLE & SHAFFERY, LLP**
400 SOUTH HOPE STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 439-5390

1  "Confidential Information," pursuant to the Central District of California, local rule 79-5, where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal.

15. **RECEIPT OF SUBPOENA.** If any party has obtained "Confidential Information" under the terms of this Order and receives a request to produce such "Confidential Information" or a subpoena or other compulsory process commanding the production of such "Confidential Information," unless prohibited by applicable law, such party shall immediately notify the Producing Party, including in such notice the date set for the production of such subpoenaed information and enclose a copy of the subpoena (or other form of process). Nothing herein shall relieve a party from timely responding to a properly served subpoena or request for information from a government entity. With respect to any other subpoena or request for information, the party who receives such a subpoena or request shall take any steps reasonably necessary to preserve the Producing Party's opportunity to object thereto and shall not provide any "Confidential Information" in response to it without prior written consent of the Producing Party unless in response to an order of a court of competent jurisdiction. No party will object to the Producing Party having a reasonable opportunity to appear in any litigation or proceeding seeking disclosure of such "Confidential Information" for the sole purpose of seeking to prevent or restrict disclosure thereof.

16. **DEPOSITIONS.** Counsel for a party may disclose "Confidential Information" to any actual or potential witness for the purposes of deposition preparation, deposition, trial preparation, and/or trial, provided that counsel believes, in good faith, that such disclosure is reasonably necessary for the prosecution or defense of this action. Persons to whom such "Confidential Information" materials are disclosed pursuant to this paragraph must agree to the terms of the Declaration and must sign the Declaration in the form attached as Exhibit A. Any person who objects to

**POOLE & SHAFFERY, LLP**
400 SOUTH HOPE STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 439-5390

-7-

1  signing the Declaration or objects to allowing a deponent to see "Confidential
2  Information" must set forth their objection(s) and the bases for such objection(s). If the
3  parties cannot come to an agreement, the parties shall submit the matter to the Court
4  either in the form of a letter or telephonically.

5      17.    Nothing in this Order shall prevent an employee of a party or employee of
6  a non-party from attending any deposition, except that only persons entitled to receive
7  "Confidential Information" shall be present when such information is disclosed at a
8  deposition, and only persons entitled to receive "Confidential Information" shall be
9  present when such information is disclosed at a deposition, unless those persons have
10 executed the Declaration attached as Exhibit A. Counsel for the party or non-party
11 disclosing such "Confidential Information" at a deposition, shall, before such
12 information is disclosed, advise counsel for all other parties so that appropriate
13 safeguards can be taken to ensure that only persons entitled to receive such information
14 pursuant to the terms of this Order are present when such information is disclosed.

15     18.    EXTENSION TO NON-PARTIES. This Order is intended to apply to
16 third parties producing documents as part of this action, each of whom shall be
17 considered a Producing Party under this Order.

18     19.    If "Confidential Information"" is disclosed to any person other than in the
19 manner authorized by this order, the party responsible for the disclosure shall,
20 immediately upon learning of such disclosure, inform the Producing Party of all
21 pertinent facts relating to such disclosure and shall make every effort to retrieve the
22 designated material and to prevent the occurrence of any further disclosure unauthorized
23 by this Order.

24     20.    NON-TERMINATION. This Order shall be binding throughout and after
25 final adjudication of this action, including but not limited to final adjudication of any
26 appeals and petitions for extraordinary writs. Within ninety days after final

-8-

POOLE & SHAFFERY, LLP
400 SOUTH HOPE STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 439-5390

adjudication of this action, including but not limited to final adjudication or any appeals and petitions for extraordinary writs, all materials designated as "Confidential Information," including without limitation, all transcripts or other things wherein materials or the contents of materials designated as "Confidential Information" are identified, discussed, disclosed, or otherwise used, other than papers on file with the Court, shall by counsel then having possession, custody, or control of such materials, transcripts, or other things, be destroyed or be returned to counsel for the party producing such materials. If the Producing Party requests the return, rather than destruction, of any Protected Material, copies thereof, or any notes or other materials that contain or refer to Protected Material, the Producing Party shall bear the expense of complying with such request. The treatment accorded Protected Material under this Order shall survive the termination of this action.

21. MODIFICATION. Nothing in this Order shall be construed to prohibit the parties from agreeing to modify any provision of this Order or seeking relief from the Court. Nor shall anything in this Order or any party's compliance herewith be construed as a waiver of any party's rights under the Federal Rules of Civil Procedure.

IT IS SO ORDERED:

DATED: January 10, 2013

_____
HON. JAY C. GANDHI
MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT- CENTRAL DISTRICT OF CALIFORNIA

-9-

C:\Temp\notesC7A056\Protective.Order.Proposed.Order.wpd

**[PROPOSED] ORDER ENTERING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**

*Maritza Duarte v. W.M. Barr & Company, Inc. and Does 1 through 50, inclusive*
(United States District Court, Central District of California, CV 12-6079-GW(JCGx))

## EXHIBIT A

I, _____, hereby declare as follows:

1. I have received a copy of the Order Regarding Confidentiality of Documents and Information ("Order"). I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for the purposes expressly set forth in the Order, any CONFIDENTIAL INFORMATION, including the substance and any copy, summary, abstract, except index or description of such material, that is disclosed to me.

2. I will return all CONFIDENTIAL INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material, or I will certify destruction thereof.

3. I hereby submit to the jurisdiction of the United States District Court, Central District of California for the purpose of enforcement of the Order.

I declare that the statements made by me above are true. I understand that if any of the statements made by me are willfully false, I am subject to punishment.

Dated: _____, 20\_\_    By:_____
                                           (Signature)

**POOLE & SHAFFERY, LLP**
400 SOUTH HOPE STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 439-5390

-10-

C:\Temp\notesC7A056\Protective.Order.Proposed.Order.wpd

**[PROPOSED] ORDER ENTERING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**